Opinion by OLIVER, C.J.  In accordance with stipulation of counsel that the merchandise consists of glass mosaics for presentation without charge to a corporation operated exclusively for religious purposes, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JULY 6, 1961

**No. 65877.**—Justin Tharaud & Son, Inc. *v.* United States, protests 58/2180 and 58/12046 (Philadelphia).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of Rockingham earthenware similar in all material respects to that the subject of *Justin Tharaud & Son, Inc., et al.* v. *United States* (44 Cust. Ct. 216, C.D. 2177), the merchandise was held dutiable as follows: (a) As to all items entered, or withdrawn from warehouse, for consumption on and after January 1, 1947, and prior to September 10, 1955, at 20 cents per dozen articles, but not less than 7½ percent nor more than 25 percent ad valorem, under paragraph 210, as modified by the General Agreement on Tariffs and Trade (T.D. 51802) ; and (b) as to all items entered, or withdrawn from warehouse, for consumption on and after September 10, 1955, at 6¼ percent, if valued under $1.50 per dozen articles, under paragraph 210, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877).

**No. 65878.**—Leading Forwarders, Inc. *v.* United States, protest 59/20015 (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiff was sustained.

**No. 65879.**—Charles Sadek Import Co., Inc. *v.* United States, protest 60/30124 (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiff was sustained.

JULY 6, 1961

**No. 65880.**—SUIT 5040.—United States *v.* International Packers, Limited.—

A.R.D. 118 affirmed April 14, 1961.  C.A.D. 769.

BEFORE THE SECOND DIVISION

JULY 6, 1961

**No. 65881.**—Stor-All Corp. *v.* United States, protests 59/31913, 59/31914, 59/31915, 59/31928, and 59/31929 (Los Angeles).—

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE, J., not participating.

PER CURIAM: It appearing that the protests enumerated above, which have been consolidated for purposes of trial, claim that certain metal parts for barbecue grills, which were assessed with duty at the rate of 19 per centum ad valorem, pursuant to the provision in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for articles of base metal, are more specifically provided for in said paragraph 397, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as cooking and heating stoves of the household type at the rate of 12½ per centum ad valorem, and

It further appearing from the evidence of record that certain of the barbecue grills for which the imported articles are parts are equipped with electrical elements, but the record lacks proof as to whether or not said electrical elements are essential features thereof, which proof the court deems material to a proper determination of the issues in this case, in view of the provisions of paragraph 353 of said act, as modified by said General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for electrical cooking stoves and ranges,

Now, therefore, by virtue of the foregoing, the court of its own motion hereby sets aside the submission of these protests and restores this action to the next Los Angeles docket in order that the aforementioned omission in the proof may be supplied.

BEFORE THE SECOND DIVISION, JULY 11, 1961

**No. 65882.**—Globe Importing Company *v.* United States, protest 59/6749 (Philadelphia).

LAWRENCE, Judge: An importation of brass aerators was classified by the collector of customs as "Articles nspf, partly or wholly manufactured, not plated with platinum, gold or silver, and not colored with gold lacquer, * * * Wholly or in chief value of metal other than gold, lead, platinum, silver, tin, and tin plate: * * *" in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par.